Evan R. Moses CA Bar No. 198099
evan.moses@ogletree.com
Elizabeth A. Falcone CA Bar No. 219084
elizabeth.falcone@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Nardo J. Catahan CA Bar No. 285741
nardo.catahan@ogletree.com
Graham M. Hoerauf CA Bar No. 307649
graham.hoerauf@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendant AutoZone, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| GWENDOLYN ANDERSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AUTOZONE, INC.; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 2:19-cv-2800<br><br>**DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1446, AND 1453**<br><br>**[CAFA JURISDICTION]**<br><br>[*Filed concurrently with Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declarations Patrick Johnson and Mark Dessem; and Notice of Related Cases*]<br><br>Complaint Filed: March 7, 2019<br>Trial Date: None Set<br>District Judge: Hon. TBD<br>Magistrate Judge: Hon. TBD |

38093942_2

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant AUTOZONE, INC. ("Defendant"), is hereby petitioning the Court to remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1446 and 1453, on the grounds that: (1) Plaintiff Gwendolyn Anderson ("Plaintiff" or "Anderson") is a "citizen of a State different from" Defendant; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" and (3) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100; and the foregoing facts were true when Plaintiff filed the Complaint, and remain true now.

## I.    PROCEDURAL BACKGROUND

1.    On March 7, 2019, Plaintiff commenced a class action against Defendant in the Superior Court of the State of California for the County of Los Angeles, entitled "GWENDOLYN ANDERSON, individually and on behalf of all others similarly situated, Plaintiffs vs. AUTO ZONE, INC.; and DOES 1 to 50, inclusive, Defendant," Case No. 19STCV07906.

2.    On March 12, 2019, Plaintiff (via a process server) served Defendant's agent for service of process, CT Corporation, with the following documents: Summons; Complaint; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location, true and correct copies of which are attached hereto as "**Exhibit A**."

3.    On April 10, 2019, Defendant filed its Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as "**Exhibit B**."

4.    Plaintiff defines the class as "[a]ll individuals who are currently or have been employed in California by defendants as non-exempt employee [sic] during the

**DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

Class, and whose working conditions are not controlled by a collective bargaining agreement." (Complaint, ¶ 28.) Plaintiff defines the subclass as "All Class members whose employment with Defendants has terminated during the Class Period." (*Id.*) Plaintiff defines the Class Period as "the period from four year prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter." (Complaint, ¶ 7.)

5.      Plaintiff alleges the following causes of action against Defendant on behalf of herself and the Class: (1) Failure to Provide Rest Periods; (2) Failure to Provide Meal Periods; (3) Failure to Provide Minimum Wages and Liquidated Damages; (4) Failure to Pay Overtime Earned; (5) Failure to Provide Itemized Wage Statements; (6) Waiting Time Penalties For Failure To Pay Wages In A Timely Manner; (7) Penalties Under California Labor Code § 558; (8) Failure to Reimburse Necessary Business Expenses; and (9) Restitution for Unlawful Competition in Violation of Business and Professions Code §§ 17200 *et seq.*

## II.      **REMOVAL IS TIMELY**

6.      A defendant may remove a case at any time, provided that the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) have not expired. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

7.      Section 1446(b)(1) provides that, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…" The four corners of a complaint determine whether a defendant is on notice that the complaint is removable under Section 1446(b)(1). *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

8.      Here, the Complaint does not "reveal on its face the facts necessary for federal court jurisdiction." *Rea v. Michaels Stores, Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (quoting *Harris*, 425 F.3d at 691–92). Specifically, it does not reveal on its face

38093942_2

**DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

1  that the amount in controversy exceeds $75,000 for traditional diversity jurisdiction or

2  that it exceeds $5,000,000 for CAFA jurisdiction.  Nor has Plaintiff served Defendant

3  with "other paper" sufficient to trigger the 30-day clock under Section 1446(b)(3).

4  Indeed, Plaintiff has served Defendant with no documents other than those attached to

5  this Notice of Removal.

6      9.      Therefore, this removal is timely because the two 30-day periods under

7  28 U.S.C. § 1446(b)(1) and (b)(3) have not yet expired and because Defendant

8  removed this action within 30 days of being served.

## III.  PLAINTIFF'S COMPLAINT IS SUBJECT TO REMOVAL UNDER CAFA

10     10.     Under CAFA, the federal District Court has jurisdiction if:

12         a)  There are at least 100 class members in all proposed plaintiff
13             classes; and

14         b)  The combined claims of all class members exceed $5 million
15             exclusive of interest and costs; and

16         c)  Any class member (named or not) is a citizen of a different state
17             than any defendant.  28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and
18             1453(a).

### A.    The Diversity Of Citizenship Requirement Is Satisfied

20     11.    **Plaintiff is A Citizen of California**.  A person is a "citizen" of the state

21  in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090

22  (9th Cir. 1983).  A person's domicile is the place he resides with the intention to remain

23  or to which she intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857

24  (9th Cir. 2001).  Plaintiff worked for Defendant from approximately May 1, 2017 to

25  April 16, 2018.[1]  (Declaration of Mark Dessem ("Dessem Decl."), ¶ 4.)  Throughout

---

[1] In the Complaint, Plaintiff alleges "Plaintiff Gwendolyn Anderson (hereinafter 'Plaintiff'), hereby submits this Class Action Complaint against Defendant AutoZone, Inc., **and other as yet unknown entities (hereinafter collectively referred to as**

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

38093942_2

her alleged employment with Defendant, Plaintiff was required to provide her residential address to her employer. (*Id.*) Throughout her employment, Plaintiff maintained a residential address in Los Angeles, California. (*Id.*) Plaintiff alleges that, at all relevant times, she "resided in the County of Los Angeles, California. (Complaint, ¶ 14.) Therefore, according to Plaintiff's own allegations and Defendant's business records, she is a resident of California for purposes of diversity jurisdiction.

12. **Defendant AutoZone, Inc. is a Citizen of Nevada and Tennessee**. Defendant is a citizen of Nevada and Tennessee within the meaning of 28 U.S.C. § 1332(c)(1). It is a corporation organized and incorporated under the laws of the State of Nevada. (Declaration of Patrick Johnson ("Johnson Decl."), ¶ 3.)

13. Defendant is headquartered in Memphis, Tennessee, from which its executive officers direct, control and coordinate the corporation's activities. (Johnson Decl., ¶ 4.) The President & Chief Executive Officer, Chief Financial Officer & Executive Vice President, and General Counsel all have their offices at corporate headquarters. (*Id.*)

14. Thus, for diversity purposes, Defendant AutoZone, Inc. is a citizen of Nevada, its state of incorporation, and Tennessee, its principal place of business.

15. **AutoZoners, LLC is a Citizen of Nevada and Tennessee**.[2] At the time of the filing of this action, AutoZoners, LLC was, and still is, a Nevada limited liability

---

**"Defendants" or "AutoZone")** on behalf of herself and a class of all other similarly situated current and former employees of Autozone…" (Complaint, pp. 1-2.) (emphasis added) In alleging that the requirements for CAFA removal are satisfied, Defendant does not concede in any way the allegations in the Complaint are accurate, or that Defendant is properly named as a defendant as the corporate entity that was Plaintiff's employer. In fact, Defendant specifically denies that it was the entity employer for Plaintiff and/or the putative class members. However, for purposes of removal only, Defendant assume the facts as alleged in the Complaint are true and all numbers and subsequent calculations are presented on that basis (i.e. utilizing the "AutoZone" corporate entity that employed Plaintiff, AutoZoners, LLC). Johnson Decl., ¶ 5; Dessem Decl., ¶ 3.

[2] As mentioned above, Defendant AutoZone, Inc. denies that it was the employer of

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

company.  (Johnson Decl."), ¶ 6.)   AutoZone Investment Corporation ("AIC") is the sole member of AutoZoners, LLC.  (*Id*.)   AIC was at the time of the filing of this action, and still is, a corporation organized and incorporated under the laws of the State of Nevada with its principal place of business in Memphis, Tennessee.  (*Id*.)

16.    Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Court held that the " 'principal place of business' [as set forth in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*. at 92-93.  The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination."  *Id*. at 93; see also *Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions.)

17.    AIC's executive officers maintain their offices at AIC's headquarters in Memphis, Tennessee where they direct, control and coordinate the corporation's activities.  (Johnson Decl., ¶ 6.)  The high-level corporate officers for AIC, such as the President & Chief Executive Officer, Chief Financial Officer & Executive Vice President, and General Counsel have their offices located at the corporate headquarters

38093942_2

---

Plaintiff. As such, Defendant has provided analysis for the citizenship of AutoZone, Inc. as well as Plaintiff's actual employer Autozoners, LLC. (Dessem Decl., ¶ 3.)

**DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

in Memphis, Tennessee. (*Id.*) These high-level corporate officers located in Memphis, Tennessee are responsible for the direction, control and coordination of the activities covered by their respective offices. (*Id.*)

18.    Thus, for diversity purposes, AutoZoners, LLC is a citizen of Nevada, its state of incorporation, and Tennessee, its principal place of business.

19.    **Courts Disregard the Citizenship of "Doe Defendants."**   When analyzing a notice of removal, courts disregard the citizenship of fictitiously-named "Doe" defendants.  28 U.S.C. § 1441(a).

20.    The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one putative class member is diverse from the citizenship of at least one defendant.  28 U.S.C. § 1332(d)(2)(A).  Plaintiff, a putative class member, is a citizen of California.   (Dessem Decl., ¶ 4; Complaint, ¶¶ 14) Defendant is a citizen of Nevada and Tennessee.  (Johnson Decl., ¶¶ 3-6.)   Courts disregard the citizenship of "Doe" defendants for purposes of removal.  28 U.S.C. § 1441(b)(1).  Therefore, the requisite minimal diversity exists between the parties.

**B.**    **There Are At Least 100 Class Members in the Proposed Class**

21.    Plaintiff purports to bring this action "against Defendant AutoZone, Inc., and other as yet unknown entities (hereinafter collectively referred to as 'Defendants' or 'AutoZone') on behalf of herself and a class of all other similarly situated current and former employees of AutoZone for wages owed, including meal, rest and recovery period wages, overtime wages, minimum wages, as well as waiting time penalties, and penalties or damages for failure to keep accurate records, other penalties under the California Labor Code, and for restitution and injunctive relief…". (Compliant, pp. 1-2.)

22.    Elsewhere in the complaint, Plaintiff alleges more broadly that Plaintiff brings this action on behalf of the putative class defined as "[a]ll individuals who are currently or have been employed in California as non-exempt employee [sic] during the Class, and whose working conditions are not controlled by a collective bargaining

38093942_2

**DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

agreement" and on behalf of a subclass defined as "[a]ll Class members whose employment with Defendants has terminated during the Class Period." (Complaint, ¶ 28.)

23.    Defendant reserves its right to challenge Plaintiff's class and/or subclass definitions as improper fail-safe class definitions. *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012); *Randleman v. Fidelity Nat'l Title Ins. Co.,* 646 F.3d 347, 352 (6th Cir. 2011); *Kamar v. RadioShack Corp.*, 375 Fed.Appx. 734, 736 (9th Cir. 2010).  Defendant denies Plaintiff's claims and make no admission by way of this removal.

24.    Based on the putative class definition, which includes all non-exempt employees who have worked and lived in the State of California since March 7, 2015, the putative class includes more than 24,070 individuals.  (Dessem Decl., ¶ 5.)[3]

**C.    The Requisite $5 Million Amount In Controversy Is Satisfied**[4]

25.    Based on the allegations in the Complaint, the alleged amount in controversy exceeds, in the aggregate, $5 million, as demonstrated below.

**a.    Unpaid Meal and Rest Period Premiums**

26.    Plaintiff alleges that "Defendants' policies, procedures and practices deny Plaintiff and members of the putative class the right to meal and rest breaks, as

---

[3] In an attempt to provide a conservative estimate of the class and amount in controversy, Defendant is only including a portion of the applicable statute of limitations in all calculations from March 7, 2015 up to March 1, 2018 (except where otherwise noted). Including additional business records from the period of March 1, 2018 to the time of this removal would result in the total amount in controversy for the claims below to exceed these exceedingly conservative estimates.

[4] In alleging the amount in controversy for purposes of CAFA removal, Defendants do not concede in any way that the allegations in the Complaint are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the Complaint, or that it is the entity employer for Plaintiff and/or the putative class members.  Nor do Defendants concede that any or all of the putative class members are entitled to any recovery in this case, or are appropriately included in the putative class.

38093942_2

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

well as recovery periods, as prescribed under California Law." (Complaint, ¶ 20). (emphasis added).) Plaintiff further alleges that "during their meal period, workers **routinely** received lass that thirty minutes of duty free time. (Complaint, ¶ 42.) Plaintiff further alleges that "Defendant maintain control over the activities and actions of members of the Class during mandated meal and rest breaks, as evidenced by payroll and timekeeping records. These records show conclusively that **plaintiff and Class members are not provided with meal breaks**, in violation of California law." (Complaint, ¶ 20) (emphasis added).

27.   Plaintiff further alleges that "Defendants' policy and practice is to not pay Plaintiff and member of the Class **any** premium for non-compliant or missed meal and rest breaks." (Complaint, ¶ 21) (emphasis added). Plaintiff further alleges that "Defendants' unlawful conduct has been **widespread, repeated, and willful** throughout its facilities in California." (Complaint, ¶ 27) (emphasis added).

28.   Under California law, employees who are denied the opportunity to take proper meal and rest periods are entitled to one hour of premium pay for each day that a meal period is missed and one hour of premium pay for each day that a rest period is missed, *i.e.,* two hours of premium pay for each day that both a meal and rest period are missed.  *See Marlo v. United Parcel Service, Inc.*, 2009 WL 1258491, *7 (C.D. Cal. 2009).  As a matter of law, meal and rest period claims are properly considered in determining the amount in controversy.  *See, e.g., Muniz v. Pilot Travel Ctr. LLC*, 2007 WL 1302504, *4 (E.D. Cal. 2007); *Helm v. Alderwoods Group, Inc.*, 2008 WL 2002511, *8 (N.D. Cal. 2008).

29.   Plaintiff also alleges that the failure to provide meal and rest periods constitutes unfair competition within the meaning of Business and Professions Code Section 17200.  (Complaint, ¶ 75.)  The statute of limitations for such a claim is four years.  Cal. Bus. & Prof. Code § 17208.  Accordingly, the measure of potential damages for meal and rest break claims is based on a four-year limitations period.

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

30.    When performing an analysis of the amount in controversy where, as here, a plaintiff alleges a regular, consistent, or **routine** policy or practice of violations, it is reasonable to assign a 100 % violation rate. *See Stevenson v. Dollar Tree Stores, Inc.*, 2011 WL 4928753, *3-4 (E.D. Cal. 2011) (defendant's calculation of potential missed meal period damages at 100% of the shifts was appropriate where plaintiff alleged that class members were **routinely** denied meal periods or were not compensated for meal periods.)

31.    Although Defendant would be well within its right to apply a 100% violation rate, Defendant will apply a violation rate of only one violation per week to each claim. Numerous courts have held that this conservative estimate is proper. *See Campbell v. Vitran Exp., Inc.,* 471 Fed. App'x. 646, 649 (9th Cir. 2012) (finding an assumption that "each claimant missed at least one rest break and one meal break per week" was adequately supported by a complaint alleging that defendant "regularly and consistently failed to provide uninterrupted meal and rest periods") (emphasis added)*; Byrd v. Masonite Corp.,* 2016 WL 2593912, *5 (C.D. Cal. May 5, 2016) (allegations of a systematic practice supports the "assumption that each class member missed one meal period and one rest period per week"); *Garza v. Brinderson Constructors, Inc.,* 178 F.Supp.3d 906, 911 (N.D. Cal. 2016) (assumption of one meal and one rest violation per week reasonable where the complaint alleged that plaintiff "regularly" missed meal breaks) (emphasis added); *Arreola v. Finish Line,* 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) (finding that pleading "regular or consistent practice" supports assumption that every class member "experienced at least one violation once per week") (emphasis added).

32.    Defendant AutoZone, Inc. denies that it employed any putative class members and denies that it is proper defendant in this action.

33.    Defendant denies that it failed to provide proper meal or rest breaks to the putative class members. However, Defendant is able to determine the number of workweeks that the putative class members worked during the class period.

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

38093942_2

34.     The putative class members worked more than 1,395,907 workweeks during a portion of the class period from March 7, 2015 to March 1, 2018.  (Dessem Decl., ¶ 6.)

35.     The base hourly rate for all putative class members during the putative class period has always been equal to or higher than the applicable California minimum wage.  (Dessem Decl., ¶ 7.)  The class period extends back to March 2015, at which time the California minimum wage was $9.00 per hour.  As such, at all times, the average hourly wage for the putative class members has been at least $9.00 per hour.  (*Id.*)

36.     Taking the most conservative estimate (i.e., not a 100% violation rate), assuming that the putative class members only did not receive one meal period each workweek, the amount placed in controversy by virtue of the meal period claims is **no less than $12,563,163**: $9.00 [minimum base hourly rate during class period] x 1,395,907 [number of workweeks during a portion of the class period from March 7, 2015 to March 1, 2018] x 1 [violation per workweek].[5]

37.     Taking the most conservative estimate (i.e., not a 100% violation rate), assuming that the putative class members only did not receive one rest period each workweek, the amount placed in controversy by virtue of the rest period claims is **no less than $12,563,163**: $9.00 [minimum base hourly rate during class period] x 1,395,907 [number of workweeks during a portion of the class period from March 7, 2015 to March 1, 2018] x 1 [violation per workweek].

---

[5] Based on reference to Defendant's business records, the average hourly rate of putative class members during the time period of March 7, 2015 to March 1, 2018 was $12.25 per hour. Dessem Decl., ¶ 7. Use of this figure would, of course, result in an even higher amount placed into controversy by Plaintiff's allegations. In an attempt to provide a conservative estimate, however, Defendants uses the lowest minimum wage that was in effect during the putative class period for its amount in controversy calculations.

38093942_2

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

38.     Therefore, based on Plaintiff's allegations, the amount placed in controversy by virtue of her meal and rest break claims is in excess of **$25,126,326**.

### b.     **Unpaid Overtime Wages**

39.     Labor Code § 1194, subdivision (a) provides: "Notwithstanding any agreement to work for a lesser wage, an employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation …."

40.     Plaintiff alleges that "At **all times relevant**, Defendants, and each of them, have failed to properly calculate and pay Plaintiff and the class members the required overtime or double time premium wages in accordance with the applicable statutes and Wage Order 9, in amounts to be proven at trial." (Complaint, ¶ 51.) Plaintiff further alleges that "Plaintiff and the class members are entitled to **each** recover the unpaid overtime and double time wage due, plus interest, attorney's fees, and costs. (Complaint, ¶ 52) (emphasis added). Plaintiff further alleges that Defendant "maintained and enforced against Plaintiff and the putative class members the systemic policies, practices, and/or customs complained of" in the Complaint. (Complaint, ¶ 8.)  Plaintiff alleges these systemic policies, practices, and/or customs included that "Defendants' failed to properly pay Plaintiff and class members for all time worked, including at least the state-mandated minimum wages for all hours worked, including, but not limited to, time spent working off the clock during meal breaks, before and after shifts, and other uncompensated time for which the Plaintiff and the class members were clocked in and subject to their employers' direction and control[.]" Complaint, ¶ 2(d).

41.     Defendant AutoZone, Inc. denies that they employed any putative class members and deny that they are proper defendant in this action.

42.     Defendant denies that it failed to pay any overtime wages to the putative class members.  However, because Plaintiff has alleged a failure to pay overtime

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

wages due "at all times" during the class period to "each", the court should apply to the amount in controversy requirement a conservative assumption of one hour of unpaid overtime wages during each workweek.  *See, e.g., Soto v. Greif Packaging*, LLC, 2018 WL 1224425, *3 (C.D. Cal. Mar. 8, 2018) (finding it reasonable to assume one hour of unpaid wages per employee per workweek where plaintiff alleged that defendant failed to pay him and the class members for all hours worked on a "consistent and regular basis"); *Reyes v. Carehouse Healthcare Center, LLC*, 2017 WL 2869499, *4 (C.D. Cal. July 5, 2017) (defendant's estimate of one hour of unpaid overtime wages per workweek was reasonable where plaintiff alleged that defendants engaged in a "regular practice of willfully, unfairly and unlawfully" depriving plaintiff and the class members of compensation).

43.    This yields a total amount in controversy in excess of **$18,844,744**: $13.50 [lowest overtime wage rate applicable during class period] x 1,395,907 [weeks worked by putative class] x 1 [one hour per workweek].

### c.    **Waiting Time Penalties**

44.    Plaintiff claims that, "Plaintiff and the class members are entitled to compensation for all wages earned, including **without limitation**, the unpaid premium wages for recovery, rest and meal period not provide, but to date have not received such compensation." (Complaint, ¶ 61) (emphasis added). Plaintiff further alleges "Defendants have not paid Plaintiff and **each** Subclass member whose employment has ended all wages owed. (Complaint, ¶ 62) (emphasis added). Plaintiff further alleges that "Plaintiff and **each** Subclass member is entitled to 30 days' wages as a penalty under *Labor Code* § 203." (*Id.*). She seeks penalties pursuant to Labor Code § 203 for all putative class members who were terminated or resigned equal to their daily wage times thirty (30) days.  (Prayer for Relief, ¶ 8).  The statute of limitations for penalties under California Labor Code § 203 is three years. *See* Cal. Civ. Proc. Code § 338(a).

38093942_2

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

45.    Defendant AutoZone, Inc. denies that it employed any putative class members and denies that it is a proper defendant in this action.

46.    The total number of putative class members who stopped working for Defendant between March 7, 2016 and March 1, 2018 exceeds 10,546. (Dessem Decl., ¶ 8.)  Accordingly, based on the allegations of the Complaint, every putative class member who stopped working for Defendant during the relevant time period is entitled to 30 days' continuation of wages as a penalty under California Labor Code section 203.  *See Quintana v. Claire's Stores, Inc.*, 2013 WL 1736671, *4-6 (N.D. Cal. 2013) ("As to the waiting time claims, the court finds that Defendants' calculations" of thirty-days of waiting time penalties for each putative class member terminated during the statute of limitations "are supported by Plaintiffs' allegations and are a reasonable estimate of the potential value of the claims.").

47.    Defendant could easily apply an 8-hour shift length to the waiting time penalty claim based on the allegations in the Complaint.  However, for purposes of removal, it will assume that average shifts were only four hours long (in which case, Plaintiff and the putative class would not even be entitled to overtime or meal breaks).  Further, for purposes of removal, Defendant will assume that the average rate of pay is the lowest applicable minimum wage during the class period.[6]  (Dessem Decl., ¶ 7.)

48.    Thus, according to Plaintiffs' allegations that Defendants uniformly and systematically failed to pay all wages due at termination, Plaintiff contends that former putative class members are entitled to recover at least **$11,389,680:**  calculated as follows: $9.00 [minimum base hourly rate during class period] x 4 [4-hour work day]

---

[6] Based on reference to Defendant's business records, the average hourly rate of putative class members during the time period of March 7, 2016 to March 1, 2018 was $12.53 per hour. Dessem Decl., ¶ 8. Use of this figure would, of course, result in an even higher amount placed into controversy by Plaintiff's allegations. In an attempt to provide a conservative estimate, however, Defendants uses the lowest minimum wage that was in effect during the putative class period for its amount in controversy calculations.

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1    x 30 days [waiting time penalty] x 10,546 [number of putative class members who

2    stopped working for Defendant between March 7, 2016 and March 1, 2018].

3                    **d.    Attorneys' Fees**

4        49.    Plaintiff seeks attorneys' fees on behalf of the putative class. (Complaint,

5    Prayer for Relief at ¶ 11.)   Attorneys' fees are properly included in the amount in

6    controversy.  *See, Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir.

7    2007) (statutorily-mandated attorneys' fees are properly included in the amount in

8    controversy for CAFA jurisdiction purposes). *See also Fritsch v. Swift Transportation*

9    *Company of Arizona, LLC,* No. 18-55746 (9th Cir. 2018) ("Because the law entitles

10   [plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees

11   are at stake in the litigation, and must be included in the amount in controversy.");

12   *Chavez v. JP Morgan Chase & Co*., 888 F.3d 413, 414–15 (9th Cir. 2018) (holding

13   that "the amount in controversy is not limited to damages incurred prior to removal—

14   for example, it is not limited to wages a plaintiff-employee would have earned before

15   removal (as opposed to after removal)," but rather "is determined by the complaint

16   operative at the time of removal and encompasses all relief a court may grant on that

17   complaint if the plaintiff is victorious.").

18       50.    In class action litigation, courts routinely grant attorneys' fees awards that

19   range from 25% to 33% of the settlement or verdict amount.  *See, e.g., Hanlon v.*

20   *Center for Auto Safety*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has

21   established 25% of the common fund as a benchmark award for attorney fees"); *In re*

22   *Activision Securities Litigation*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (awarding

23   30% attorneys' fee award and compiling cases where range of attorneys' fee award

24   ranged between 25% and more than 40%).   Accordingly, including attorneys' fees of

25   25% is reasonable when calculating the amount in controversy.  *See, e.g., Giannini v.*

26   *Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding

27   that defendant's inclusion of attorneys' fees to satisfy amount in controversy was

28   reasonable where defendant's "base this amount by multiplying by twenty-five percent

38093942_2

14

**DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *6-7 (N.D. Cal. 2012) (holding that "it was not unreasonable for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'")

e.    **Summary of Amount in Controversy**

In light of the foregoing, Plaintiff's allegations establish an amount in controversy well in excess of the jurisdictional minimum of $5 million for purposes of removal under CAFA. The absolute minimum amount in controversy is summarized as follows:

| **Damages** | **Amount** |
|---|---|
| Failure to provide meal and rest breaks | **$25,126,326** |
| Failure to pay overtime wages | **$18,844,744** |
| Waiting time penalties | **$11,389,680** |
| Attorneys' Fees (25%) | **$13,840,187** |
| **Total:** | **$69,200,937** |

Accordingly, removal of this action under CAFA is proper under 28 U.S.C. §1332(d).

## IV.    THIS REMOVAL SATSFIES THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446

51.    In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending. The Los Angeles County Superior Court is located within the Central District of California. Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

38093942_2

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

52.    In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

53.    In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles.  Notice of Compliance shall be filed promptly afterwards with this court.

54.    As required by Federal Rule of Civil Procedure 7.1, Defendants concurrently filed their Certificate of Interested Parties.

## V.    **CONCLUSION**

For the foregoing reasons, Defendants hereby remove the above-entitled action to United States District Court for the Central District of California.


DATED: April 11, 2019                 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.



By: */s/Nardo J. Catahan*
        Evan R. Moses
        Elizabeth A. Falcone
        Nardo J. Catahan
        Graham M. Hoerauf
        Attorneys for Defendant AutoZone, Inc.

38093942_2

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

# EXHIBIT "A"

**CT Corporation**

**Service of Process Transmittal**
03/12/2019
CT Log Number 535086842

*Paul*
*New*



**TO:**  Kristen C. Wright, Sr. VP, General Counsel & Secretary
AutoZone, Inc.
123 S Front St
Memphis, TN 38103-3618

**RE:**  **Process Served in California**

**FOR:**  AUTOZONE, INC.  (Domestic State: **NV**)

RECEIVED
MAR 15 2019
LEGAL DEPT.

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | GWENDOLYN ANDERSON, ETC., PLTF. vs. AUTOZONE, INC AND DOES 1 TO 50, INCLUSIVE, DFTS. |
| **DOCUMENT(S) SERVED:** | COMPLAINT, SUMMONS, ATTACHMENT(S) |
| **COURT/AGENCY:** | Los Angeles County - Superior Court, CA
Case # 19STCV07906 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/12/2019 at 13:14 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | WITHIN 30 CALENDAR DAYS AFTER THIS SUMMONS AND LEGAL PAPERS ARE SERVED ON YOU |
| **ATTORNEY(S) / SENDER(S):** | TODD M. FRIEDMAN
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 OXNARD ST., SUITE 780
WOODLAND HILLS, CA 91367
323-306-4234 |
| **REMARKS:** | Due to the illegible condition of the enclosed documents, CT's transmittal may be incomplete. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780130694895
Image SOP
Email Notification,  Pam Butler  PAM.BUTLER@AUTOZONE.COM |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 818 West Seventh Street
Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / SV

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

EXHIBIT A - PAGE 18

X

# COPY
## BY FAX

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 07 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By: Steven Drew, Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

AUTOZONE, INC.; and DOES 1 to 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

GWENDOLYN ANDERSON, individually and on behalf of all others
similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es): Stanley Mosk Courthouse | CASE NUMBER:<br>(Número del Caso):<br>**19STCV07906** |
| 111 North Hill Street<br>Los Angeles, CA 90012 | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Todd M. Friedman, 21550 Oxnard St., Suite 780 Woodland Hills, CA 91367, 323-306-4234

| DATE:<br>(Fecha) MAR 07 2019 | Sherri R. Carter, Clerk | Clerk, by<br>(Secretario) STEVEN DREW | , Deputy<br>(Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):    AutoZone, Inc.

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other (specify):

4. ☒ by personal delivery on (date):    3-12-19

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>American LegalNet, Inc.<br>www.FormsWorkflow.com |

EXHIBIT A - PAGE 19

# COPY

Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Kelsey L. Kuberka (SBN 321619)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
kkuberka@toddflaw.com
Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 07 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

GWENDOLYN ANDERSON, individually and on behalf of all others similarly situated,

Plaintiffs,

vs.

AUTOZONE, INC.; and DOES 1 to 50, inclusive,

Defendants.

CASE NO.: **19STCV07906**

CLASS ACTION

COMPLAINT AND JURY DEMAND

1. **FAILURE TO PROVIDE REST BREAKS** (Lab. Code §§ 226.7 and Wage Order 9)
2. **FAILURE TO PROVIDE MEAL PERIODS** (Lab. Code §§ 226.7, 512, and Wage Order 9)
3. **FAILURE TO PAY MINIMUM WAGES AND LIQUIDATED DAMAGES** (Labor Code §§ 1194, 1197 and Wage Order 9);
4. **FAILURE TO PAY OVERTIME** (Labor Code §§ 510, 1194, 1198 and Wage Order 9)
5. **FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS** (Labor Code §§ 226);
6. **FAILURE TO PAY ALL WAGES OWED UPON TERMINATION** (Labor Code §§ 201-203);
7. **VIOLATION OF CALIFORNIA** (Lab. Code §558);
8. **FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES** (Lab. Code §2802)
9. **VIOLATION OF CAL. BUS. AND PROF. CODE §17200.**

BY FAX

Plaintiff Gwendolyn Anderson (hereinafter "Plaintiff"), hereby submits this Class Action

Complaint against Defendant AutoZone, Inc., and other as yet unknown entities (hereinafter

1   collectively referred to as "Defendants" or "AutoZone") on behalf of herself and a class of all other

2   similarly situated current and former employees of AutoZone for wages owed, including meal, rest

3   and recovery period wages, overtime wages, minimum wages, as well as waiting time penalties, and

4   penalties or damages for failure to keep accurate records, other penalties under the California Labor

5   Code, and for restitution and injunctive relief as follows:

6                                    **INTRODUCTION**

7          1.      Plaintiff brings this wage and hour Class Action against Defendants, and each of them,

8   pursuant to Code of Civil Procedure §382. Plaintiff brings this action on behalf of herself and for the

9   benefit of all other persons employed directly by Defendants, and each of them, in the position of

10  non-exempt employee who were not paid wages pursuant to California law prior and subsequent to

11  the date this action was filed. All allegations in this wage and hour Class Action Complaint are based

12  upon information and belief, except for those allegations which pertain to the Plaintiff named herein

13  and her counsel. Plaintiff's information and beliefs are based upon, inter alia, the investigation

14  conducted to date by Plaintiff and her counsel. Each allegation in this wage and hour Class Action

15  Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable

16  opportunity for further investigation and discovery.

17         2.      On information and belief, for at least four years prior to the filing of this action and

18  through to the present, Defendants jointly employed Plaintiff and the putative class members in Los

19  Angeles County, and other counties in the State of California, and maintained and enforced against

20  Plaintiff and the putative class members the systemic policies, practices, and/or customs complained

21  of herein. Plaintiff seeks relief on behalf of herself, and the members of the Plaintiff Class, as a result

22  of systemic employment policies, practices and procedures, more specifically described below, which

23  violate the California Labor Code, and the orders and standards promulgated by the California

24  Department of Industrial Relations, Industrial Welfare Commission, and Division of Labor Standards

25  Enforcement, and which have resulted in the failure of Defendants to pay Plaintiff and members of

26  the Class and Subclass all wages owed to them. Said employment policies, practices and procedures

27  are generally described as follows:

28         a.      Defendants failed to provide Plaintiff and class members with rest periods and/or

---

2

EXHIBIT A - PAGE 21

failed to properly compensate Plaintiff and members of the proposed class for such malfeasance in providing proper rest periods, as required by Labor Code § 226.7 and Wage Order 9;

b.  Defendants failed to provide Plaintiff and class members with duty-free meal periods of at least thirty minutes and/or failed to properly compensate Plaintiff and members of the proposed class for such malfeasance in providing proper meal periods, as required by Labor Code §§ 226.7 and 512 and Wage Order 9;

c.  Defendants failed to properly pay Plaintiff and class members for all time worked, including at least the state-mandated minimum wages for all hours worked, including, but not limited to, time spent working off the clock during meal breaks, before and after shifts, on-call, and other uncompensated time for which Plaintiff and class members were clocked in and subject to their employers' direction and control;

d.  Defendants failed to issue accurate itemized wage statements to their employees, including Plaintiff and the class members, in violation of, inter alia, Labor Code §226 and Wage Order 9;

e.  Defendants failed to pay Plaintiff and members of the Terminated Subclass all wages due upon termination of their employment, in violation of Labor Code §§ 201-203;

f.  Defendants failed to reimburse necessary business expenses under Labor Code §2802;

g.  Violating Business and Professions Code §§ 17200 et seq. as further set forth below.

3.  Plaintiff also alleges that Defendants, and each of them, had the clear ability to pay such wages as are/were due and owing to the Plaintiff and members of the Class, but intentionally did not pay such wages, in conscious disregard of the rights of Plaintiff and the members of the Class to timely payment of their wages.

4.  This action seeks relief for the un-remediated violations of California law including, inter alia:

a.  Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of the wages due them and interest thereon;

b.  Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for

non-payment of meal and rest period wages, including premium wages;

c.   Damages and/or restitution, as appropriate, to Plaintiff and to the Class Members, for non-payment of wages;

d.   Damages and/or penalties for Plaintiff and Class Members who were not issued accurate itemized wage statements in conformity with California law.

e.   Damages and/or penalties for Plaintiff and Class Members who voluntarily quit, or were laid off and/or terminated, but who were not paid all wages due and owing in conformity with California law;

f.   Implementation of other equitable and injunctive relief, including, inter alia, an injunction prohibiting Defendants, and each of them, from continuing to:

    i.   fail to pay all wages due in accordance with the Labor Code and Wage Order 9;

    ii.   fail to authorize and permit mandated recovery, meal and rest periods or pay additional wages to their non-exempt production employees who did not receive the required meal and rest periods in accordance with the Labor Code and Wage Order 9;

    iii.   fail to issue accurate itemized wage statements in accordance with the Labor Code and Wage Order 9; and,

    iv.   fail to pay all compensation due to their non-exempt production employees at the time of the termination of their employment in accordance with the Labor Code; and,

g.   Attorney fees and costs as provided by statute and/or applicable case law including without limitation Labor Code §§ 226 and 1194, and Code of Civil Procedure § 1021.5; and,

h.   Such other relief as the Court deems just and proper.

5.   The claims herein are brought by Plaintiff on her own behalf and on behalf of the Class which is defined as individuals who are currently or have been employed in California by Defendants as non-exempt employees during the Class Period (which commences four years prior to

4

Class Action Complaint And Jury Demand

EXHIBIT A - PAGE 23

1  the filing of this action and continues until judgment is rendered herein), and whose working

2  conditions are not controlled by a collective bargaining agreement.

3      6.      Plaintiff also brings claims on behalf of the following Subclass: all Class members

4  whose employment with Defendants has terminated during the Class Period.

5      7.      "Class Period" shall mean the period from four years prior to the date this Complaint

6  was filed, through and including the date judgment is rendered in this matter.    Plaintiff herein

7  reserves the right to amend this Complaint to reflect a different Class Period as discovery in this

8  matter proceeds.

9      8.      The actions of Defendants are in violation of the Labor Code as well as IWC wage

10  orders and, as a result, are unlawful and unfair acts, thus constituting a violation of California

11  Business & Professions Code section 17200, et seq. (Unfair Competition Law, "UCL").

12      9.      The policies, practices and customs of Defendants described above and herein have

13  resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that

14  routinely adhere to the strictures and requirements of the Labor Code and of the UCL.

15                              **JURISDICTION AND VENUE**

16      10.     This Court has jurisdiction over Plaintiff and Class members' claims for unpaid

17  wages, denied meal and rest breaks, failure to time wages, failure to provide accurate wage

18  statements, failure to pay wages, and failure to pay all earned wages upon termination pursuant to the

19  Labor Code, including, but not limited to, sections 200, 201, 202, 203, 218, 226, 226.7, 500, 510 512,

20  1194 and 1197, and the IWC wage orders.

21      11.     This Court has jurisdiction over Plaintiff and Class members' claims for injunctive

22  relief, including restitution of earned wages, which are the money and property of Plaintiff and Class

23  members, arising from Defendants' unfair competition under UCL sections 17203 and 17204.

24      12.     This Court also has jurisdiction over Plaintiff and Class members' claims for penalties

25  in violation of the Labor Code pursuant to UCL section 17202, as well as pursuant to the applicable

26  Labor Code provisions.

27      13.     Venue as to all Defendants is proper in this County pursuant to Code of Civil

28  Procedure section 395(a).    Plaintiff is informed and believes, and thereon alleges that AutoZone

1  conducts business, employs Class members, and has locations in this County, and the events
2  complained of occurred in this County.

3  **THE PARTIES**

4      14.    Plaintiff Gwendolyn Anderson (hereinafter, "Plaintiff") has been employed by
5  Defendants during the Class Period. Throughout the Class Period, Plaintiff resided in the County of
6  Los Angeles, California. Plaintiff is a member of the Class and Subclass.

7      15.    Plaintiff is informed and believes and thereon alleges that at all times relevant to this
8  litigation, Defendant AutoZone, Inc. (hereinafter, "Defendants" or "AutoZone") was and/or is a
9  Nevada Company, which conducted and/or conducts, at all relevant times, a significant portion of its
10  business in the State of California. Defendants were at all relevant times doing business throughout
11  the State of California, have various offices and locations in the State, and serve numerous customers
12  throughout the State.

13      16.    AutoZone is a "person" as defined in Labor Code section 18 and UCL section 17201.
14  AutoZone is also an "employer" as that term is used in the Labor Code and the IWC wage orders.

15      17.    The identities of Defendants designated as DOES 1-50 are currently not known.
16  However, Plaintiff is informed, and believes, and thereon alleges that each of the named and
17  fictitiously named defendants is an "employer" of Plaintiff and the Class by legal recognition under
18  such principles as "joint enterprise", "alter ego", "co-employer" or some other legally recognized
19  principle. Each of the defendants, whether specifically named and fictitiously names, exercises
20  sufficient control over the terms of employment to be legally recognized as an "employer" of Plaintiff
21  and the Class for purposes of California's wage and hour laws and regulations.

22      18.    The members of the Class, including the named, representative Plaintiff, have been
23  employed during the Class Period in California. The practices and policies which are complained of
24  by way of this Complaint are enforced by Defendants throughout the State of California.

25      19.    Defendants directly, and indirectly, hired Plaintiff in Los Angeles County. During all
26  times relevant to this litigation, Plaintiff performed work at various times during the Class Period at
27  agreed upon hourly rates that varied over her period of employment.

28  ///

Class Action Complaint And Jury Demand

EXHIBIT A - PAGE 25

## FACTUAL ALLEGATIONS

20.    Defendants' policies, procedures and practices deny Plaintiff and members of the putative class the right to meal and rest breaks, as well as recovery periods, as prescribed under California Law.  Rather, Defendants maintain control over the activities and actions of members of the Class during mandated meal and rest breaks, as evidenced by payroll and timekeeping records. These records show conclusively that Plaintiff and Class members are not provided with meal breaks, in violation of California Law.  Defendants similarly deny rest breaks to other employees.

21.    As a result, Plaintiff and members of the Class are not relieved of all duties during their meal and rest periods as is required by law.  Defendants' policy and practice is to not pay Plaintiff and members of the Class any premium for non-compliant or missed meal and rest breaks.

22.    Further, Defendants do not fully pay Plaintiff and members of the Class for time spent performing required activities that are necessary and integral to their overall employment responsibilities.

23.    Under California law, "hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so." 8 CCR § 11090(2)(G).

24.    California Department of Labor Standards Enforcement (DLSE) policy follows the dictates of the IWC and requires compensation for all time the employee spends, either directly or indirectly, performing services which inure to the benefit of the employer.

25.    Defendants further fail to provide members of the Class with accurate wage statements reflecting the wages and penalties to which they are entitled, and which further do not permit members of the Class to readily determine if the wages they receive are accurate and complete.

26.    Because Defendants fail to pay members of the Class additional wages for missed meal and rest breaks, fail to provide for recovery periods, Defendants fail to pay all earned wages at the time members of the Subclass ended their employment relationship with Defendants.

27.    Defendants' unlawful conduct has been widespread, repeated and willful throughout its facilities in California.  Defendants knew or should have known that its policies and practices have been unlawful and unfair.

EXHIBIT A - PAGE 26

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action as a class action pursuant to California Code of Civil Procedure ("CCP") section 382, on behalf of the following defined Class and Subclass:

> All individuals who are currently or have been employed in California by defendants as non-exempt employee during the Class, and whose working conditions are not controlled by a collective bargaining agreement.

> Subclass:

> All Class members whose employment with Defendants has terminated during the Class Period.

29.    As used throughout this Complaint, the term "Class Period" shall mean the period from four years prior to the date this Complaint was filed, through and including the date judgment is rendered in this matter.

30.    Numerosity: Plaintiff is informed and believes, and on that basis alleges, that during the Class Period, there have been over one hundred Class members. As a result, the members of the Class are so numerous that joinder of all members is impossible and/or impracticable.

31.    Commonality: Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact, that are relevant to the adjudication of Class members' claims are the following:

a.    Whether Defendants fail to provide Plaintiff and members of the Class with timely, duty-free 30 minute meal periods in violation of the Labor Code;

b.    Whether Defendants' failure to provide Plaintiff and members of the Class with off-duty meal periods is an unlawful, unfair or fraudulent business act or practice in violation of UCL section 17200, *et seq.*;

c.    Whether Defendants fail to provide Plaintiff and members of the Class with timely, duty-free rest periods in violation of the Labor Code;

d.    Whether Defendants' failure to  provide Plaintiff and members of the Class

EXHIBIT A - PAGE 27

1    with off-duty rest periods is an unlawful, unfair or fraudulent business act or

2    practice in violation of UCL section 17200, *et seq.*;

3    e.    Whether Defendants unlawfully and/or willfully deprived Plaintiff and

4    members of the Class of meal, recovery and rest breaks and/or pay/premiums

5    for missed meal, recovery and rest breaks pursuant to Labor Code sections

6    200, 226.7, 512, and 8 CCR section 11090;

7    f.    Whether Defendants' failed to provide Plaintiff and members of the Class with

8    accurate wage statements in violation of Labor Code section 226, and

9    applicable Industrial Welfare Commission Orders, and applicable State

10    Regulations;

11    g.    Whether Defendants had/have policies and/or practices that result in hours

12    worked not being adequately captured and recorded;

13    h.    Whether Defendants had/have policies and/or practices that result in hours

14    worked not being properly compensated;

15    i.    Whether Defendants unlawfully and/or willfully failed to pay Plaintiff and

16    members of the Class for hours worked in violation of the applicable Industrial

17    Welfare Commission Order and Labor Code sections 200, 226, 226.7, 500,

18    510, 1197, 1194 and 1198;

19    j.    Whether Defendants unlawfully and/or willfully failed to promptly pay

20    compensation owing to members of the Subclass upon termination of their

21    employment in violation of Labor Code sections 201-203;

22    k.    Whether Plaintiff and members of the Class sustained damages, and if so, the

23    proper measure of such damages, as well as interest, penalties, costs, attorneys'

24    fees, and equitable relief; and,

25    l.    Whether Defendants violated the Unfair Competition Law of California,

26    Business and Professions Code sections 17200, *et seq.*, by violating the above-

27    cited provisions, and treating Plaintiff and members of the Class unfairly by

28    depriving them of recovery, eal and rest breaks and failing to provide and pay

EXHIBIT A - PAGE 28

for missed breaks, failing to pay wages upon termination, failing to furnish an accurate, itemized wage statement upon payment of wages and failing to pay all compensation due upon discharge.

32.    Typicality: Plaintiff's claims are typical of the members of the Class. Plaintiff, like other members of the Class, was subjected to Defendants' policies and/or practices set forth above.

33.    Adequacy of Representation: Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in both class action and employment litigation.

34.    Superiority: Questions of law or fact common to Class members predominate over any questions solely affecting individual Class members and class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will allow a large number of similarly situated Class members to simultaneously and efficiently prosecute their common claims in a single forum without the needless duplication of effort and expense that numerous individual actions would entail. In addition, a class action will serve the important public interest of permitting Class members harmed by Defendants' unlawful policies and/or practices to effectively pursue recovery of the sums owed to them.

35.    Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

**FIRST CAUSE OF ACTION**

REST PERIODS

(Labor Code §§226.7, 558 & 1198, and Wage Order 9)

*Plaintiff Individually and on Behalf of the Class Against Defendants*

36.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

37.    Wage Order, at section 12(A) provides, in pertinent part: "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof [ ... ] Authorized rest period time shall be counted as hours worked for which there shall be no deduction

1    from wages."

2        38.    *Labor Code* § 226.7, requires that Defendants provide Plaintiff and each class member

3    all rest periods specified in the applicable Wage Orders and provides that Plaintiff and each class

4    member is entitled to be paid one additional hour of pay per day at their regular rate of compensation

5    as additional wages for the denied rest periods.

6        39.    Plaintiff and each class member suffered a loss equal to his/her applicable hourly wage

7    rate times the total number of times he/she was not authorized and permitted to take the legally-

8    required rest periods and has therefore not been paid all of the wages due.  Accordingly, Plaintiff and

9    each class member are entitled to recover the unpaid wages in an amount to be proven at trial.

10    <u>**SECOND CAUSE OF ACTION**</u>

11    MEAL PERIODS

12    (Labor Code §§ 226.7, 512, 558, & 1198, and Wage Order 9)

13    *Plaintiff Individually and on Behalf of the Class Against Defendants*

14        40.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

15        41.    Defendants violated the applicable statues, as well as Wage Order. Wage Order

16    provides, in pertinent part: "No employer shall employ any person for a work period of more than

17    five (5) hours without a meal period of not less than 30 minutes, except that when a work period of

18    not more than six (6) hours will complete the day's work the meal period may be waived by mutual

19    consent of the employer and the employee." *Labor Code* § 512 contains parallel language.

20        42.    Plaintiff alleges that she and members of the proposed class were not relieved of all

21    duty for an entire 30 minutes, due to policies and practices required by their employers.  Rather,

22    during their meal period, workers routinely received less than thirty minutes of duty-free time.

23        43.    *Labor Code* § 226.7 requires that Defendants provide Plaintiff and each class member

24    all meal periods specified in the applicable Wage Order and that Plaintiff and each class member was

25    to be paid one additional hour of pay per day at his/her regular rate of compensation as additional

26    wages for meal periods that were not properly provided.

27        44.    Plaintiff and each class member have suffered a loss equal to his/her applicable hourly

28    wage rate times the total number of times he/she was not authorized and permitted to take the legally-

EXHIBIT A - PAGE 30

1    required meal periods and have therefore not been paid all of the wages due. Accordingly, Plaintiff

2    and each class member are entitled to recover the unpaid wages in an amount to be proven at trial.

### THIRD CAUSE OF ACTION

#### MINIMUM WAGES AND LIQUIDATED DAMAGES

(Labor Code §§ 558, 1194, 1194.2, 1197 & 1198, and Wage Order 9)

Plaintiff Individually and on Behalf of the Class Against All Defendants

7    45.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

8    46.    At all times relevant to this complaint, Defendants, and each of them, failed, and have

9    continued to fail, to pay Plaintiff and each class member all wages due, including the minimum wage,

10   as required by law.

11   47.    As a direct and proximate result of the acts and/or omissions of each Defendant,

12   Plaintiff and each class member has reported to work as required and has not been compensated for

13   all working time while under the control of the employer, and performed pre- and post-shift work the

14   has not been compensated at the agreed wage nor even at least at the minimum wage for said work.

15   Accordingly, Plaintiff and each class member has been deprived of wages due, including minimum

16   wages, in amounts to be determined at trial.

17   48.    The applicable minimum wages fixed by the commission for Plaintiff and the class

18   members is found in Wage Order 9.

19   49.    Pursuant to California Labor Code § § 1194 and 1194.2 as a result of Defendants'

20   failure to pay Plaintiff and the class members all wages due, Plaintiff and the class members are

21   entitled to each recover the unpaid wages and liquidated damages in an amount equal to the wages

22   unlawfully unpaid, plus interest, fees and costs thereon.

### FOURTH CAUSE OF ACTION

#### OVERTIME AND DOUBLE TIME WAGES

(Labor Code §§ 218.6, 558, & 1194, and Wage Order 9)

Plaintiff Individually and on Behalf of the Class Against Defendants

27   50.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

28   51.    At all times relevant, Defendants, and each of them, have failed to properly calculate

1 | and pay Plaintiff and the class members the required overtime or double time premium wages in

2 | accordance with the applicable statutes and Wage Order 9, in amounts to be proven at trial.

3 |      52.    As a result of each Defendants' failures, Plaintiff and the class members are entitled to

4 | each recover the unpaid overtime and double time wages due, plus interest, attorney's fees, and costs.

**FIFTH CAUSE OF ACTION**

ITEMIZED WAGE STATEMENT (CHECK STUBS) PENALTIES

(LABOR CODE §§226 and 558)

*Plaintiff Individually and on Behalf of the Class Against Defendants*

9 |     53.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

10 |     54.    At all times relevant, each Defendant violated *Labor Code* § 226(a) by falsely or

11 | failing to provide accurate, itemized wage statements, because the statements failed to accurately

12 | report one or more of the following:

13 |     a. all employers' names and addresses;

14 |     b. total hours worked;

15 |     c. applicable rates of pay;

16 |     d. the number of piece rate units;

17 |     e. the applicable piece rate;

18 |     f. the rate of pay and total hours for each assignment; and,

19 |     g. gross and net wages earned.

20 |     55.    Pursuant to *Labor Code* §§ 226(e) and (h), Plaintiff and each class member are entitled

21 | to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a

22 | violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay

23 | period, not exceeding an aggregate penalty of four thousand dollars ($4,000). Plaintiff and each class

24 | member are further entitled to an award of costs and reasonable attorney's fees.

25 |     56.    Defendants failed to accurately record the wages due to Plaintiff and members of the

26 | proposed class, specifically including, but not limited to, by failing to record premium wages for

27 | Defendants' failure to provide proper rest , recovery and meal breaks.

28 |     57.    Plaintiff and members of the Plaintiff Class were injured by Defendants' failure to

EXHIBIT A - PAGE 32

1 | provide accurate wage statements because, among other things, they were unable to determine the

2 | proper amount of wages actually owed to them, and whether they had received full compensation

3 | therefore.

4 |     58.    Plaintiff and members of the Plaintiff Class request recovery of *Labor Code* § 226(e)

5 | penalties according to proof, as well as interest, attorney's fees and costs pursuant to *Labor Code* §

6 | 226(e), and all other damages, attorneys' fees, costs, expenses and interest permitted by statute.

7 | **SIXTH CAUSE OF ACTION**

8 | WAITING TIME PENALTIES

9 | (CALIFORNIA LABOR CODE §§ 201-203 and 558)

10 | *Plaintiff Individually and on Behalf of the Subclass Against Defendants*

11 |     59.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

12 |     60.    *Labor Code* §§ 201 and 202 require that Defendants pay their employees all wages

13 | due within 24 hours after a discharge or 72 hours after a resignation from employment, if the

14 | employee has given less than 72 hours' notice. Labor Code § 203 provides that if an employer

15 | willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the

16 | employee's daily wage until the back wages are paid in full or an action is commenced. The penalty

17 | cannot exceed 30 days of wages.

18 |     61.    Plaintiff and the class members are entitled to compensation for all wages earned,

19 | including without limitation, the unpaid premium wages for recovery, rest and meal periods not

20 | provided, but to date have not received such compensation.

21 |     62.    More than 30 days have passed since Plaintiff and Subclass members terminated from

22 | their employment with Defendants. Defendants have not paid Plaintiff and each Subclass member

23 | whose employment has ended all wages owed. As a consequence of Defendants' willful conduct in

24 | not paying Plaintiff and each Subclass member all earned wages at the time their employment with

25 | Defendants ended, Plaintiff and each Subclass member is entitled to 30 days' wages as a penalty

26 | under *Labor Code* § 203.

27 | ///

28 | ///

14
Class Action Complaint And Jury Demand

EXHIBIT A - PAGE 33

## SEVENTH CAUSE OF ACTION

### PENALTIES UNDER CALIFORNIA LABOR CODE § 558

Plaintiff Individually and on Behalf of the Class Against Defendants

63.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

64.     California Labor Code Section 558 provides:

(a) Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:

(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.

(3) Wages recovered pursuant to this section shall be paid to the affected employee.

65.     At all times relevant, Defendants, and each of them, have routinely and systematically committed numerous violations of IWC Wage Order 9, as detailed above, including but not limited to failure to pay Plaintiff and each class member all wages due, including the minimum wage, overtime or double time premium wages as required by law, and failing to provide full and compliant duty free meal and rest breaks.

66.     Pursuant to Labor Code section 558, plaintiff is entitled to recover a penalty of $50.00 for the initial failure to compensate employees for all hours worked, at the applicable rates, or failure to pay meal and rest period penalties for Defendants' failure to provide full, duty free meal and/or rest breaks; and $100.00 for each subsequent failure by Defendants.

67.     As a proximate result of Defendants' failure to pay overtime and/or double time wages as alleged above, plaintiff is entitled to recover from Defendants penalties pursuant to section 558 in excess of $100,000.00 or such greater amount as may be established according to proof at trial, for an award of interest, including prejudgment interest, at the legal rate, and for costs of suit.

///

///

///

EXHIBIT A - PAGE 34

**EIGHTH CAUSE OF ACTION**

FAILURE TO REIMBURSE NECESSARY BUSINESS EXPENSES

(Labor Code §2802)

*Plaintiff Individually and on Behalf of the Class Against Defendants*

68.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

69.    Plaintiff and the Class are informed and believe and based thereon allege that from at least four (4) years prior to the filing of this lawsuit and continuing to the present, Defendants required Plaintiff and the Class members to pay for necessary work related expenses they incurred, including cover charges and entry fees to enter the premises, as addressed above, and such expenses were necessary for performing those duties. Plaintiff and the Class members were not reimbursed for those lawful and necessary work related expenses or losses incurred in direct discharge of their job duties during employment with Defendants and at the direction of the Defendants pursuant to Labor Code § 2802(a) and the applicable IWC Wage Orders, paragraph 9.

70.    Defendants' knowing and willful failure to reimburse lawful necessary work related expenses and losses to Plaintiff and the Class members resulted in damages because, among other things, Defendants did not inform employees of their right to be reimbursed for those work related expenses. As Defendants failed to inform and misled Plaintiff and the Class members with regard to their rights, Plaintiff and the Class members were led to believe that incurring those lawful and necessary expenses was an expected and essential function of their employment with Defendants and that failure to incur those expenses would have adverse consequences on their employment.

71.    Therefore, Plaintiff and the Class members are entitled to reimbursement for any and all necessary work related expenses, as provided for in Labor Code § 2802(b), incurred during the direct discharge of their duties while employed by Defendants, as well as accrued interest on those expenses that were not reimbursed from the date Plaintiff and the Class members incurred those expenses. Further, Plaintiff and the Class members are entitled to costs and attorney's fees pursuant to Labor Code § 2802(c).

///

///

EXHIBIT A - PAGE 35

**NINTH CAUSE OF ACTION**

RESTITUTION

(Unlawful Competition in Violation of Business and Professions Code §§ 17200 et seq.)

*Plaintiff Individually and on Behalf of the Class Against Defendants*

72.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

73.     Section 17200 of the California *Business and Professions Code* prohibits any unlawful, unfair or fraudulent business act or practice.

74.     Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described herein.  Plaintiff and members of the proposed class have suffered and continue to suffer injury in fact and deprivation of wages and monies as a result of Defendants' actions.

75.     The actions of Defendants, as herein alleged, amount to conduct which is unlawful and a violation of law.  As such, said conduct constitutes unfair business practices, in violation of *Business and Professions Code* §§ 17200 et. seq.

76.     Defendants' conduct as herein alleged has damaged Plaintiff and the members of the Plaintiff Class by denying them wages due and payable, and by failing to provide proper wage statements.  Defendants' actions are thus substantially injurious to Plaintiff and the members of the Class, causing them injury in fact and loss of money.

77.     As a result of such conduct, Defendants have unlawfully and unfairly obtained monies owed to Plaintiff and the members of the Plaintiff Class.

78.     All members of the Class can be identified by reference to payroll and related records in the possession of the Defendants.  The amount of wages due to Plaintiff and members of the Class can be readily determined from Defendants' records.  The members of the proposed class are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

79.     During the Class Period, Defendants committed, and continue to commit acts of unfair competition as defined by Sections 17200 et. seq. of the *Business and Professions Code*, by and among other things, engaging in the acts and practices described above.

EXHIBIT A - PAGE 36

80.   Defendants' course of conduct, acts, and practices in violation of the California laws, as mentioned in each paragraph above, constitute distinct, separate and independent violations of Sections 17200 et seq. of the *Business and Professions Code.*

81.   The harm to Plaintiff and the members of the Class of being wrongfully denied lawfully earned but unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendants' actions described herein constitute an unfair business practice or act within the meaning of *Business and Professions Code* §§ 17200, et seq.

82.   Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

83.   Defendants' course of conduct described herein further violates *Business and Professions Code* §§ 17200, et seq., in that it is fraudulent, improper, and/or unfair.

84.   The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein above have injured Plaintiff and members of the Class in that they were wrongfully denied the timely and full payment of wages owed to them.

85.   Defendants have been unjustly enriched as a direct result of their unlawful business practices alleged in this complaint and will continue to benefit from those practices and have an unfair competitive advantage if allowed to retain the unpaid wages.

**ATTORNEY'S FEES AND COSTS**

86.   Plaintiff is entitled to fees and costs, pursuant to California law, including, without limitation, *Code of Civil Procedure* § 1021.5 and *Labor Code* §§ 226 and 1194. Further, enforcement of statutory provisions enacted to protect workers and to ensure prompt payment of wages due employees is a fundamental public interest in California. Consequently, Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the public.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and members of the Class pray for judgment as follows:

1.   An order that the action be certified as a class action;

EXHIBIT A - PAGE 37

2.    An order that Plaintiff be appointed class representatives;

3.    An order that counsel for Plaintiff be appointed class counsel;

4.    For nominal damages;

5.    For compensatory damages;

6.    For restitution of all monies due to Plaintiff and members of the Class, and disgorged profits from the unlawful business practice of Defendants;

7.    For penalties pursuant to Labor Code §§ 206, 210, 226, 226(e), 226.3, 226.7, 512, 558, and 1194;

8.    For waiting time penalties pursuant to Labor Code § 203;

9.    For interest accrued to date;

10.   For costs of suit and expenses pursuant to Labor Code §§ 226 and 1194;

11.   For reasonable attorneys' fees pursuant to Labor Code §§ 226, and 1194; and,

12.   For all such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, demand a trial by jury for herself and all Class members on all claims so triable.

Dated: March 7, 2019                By: _____

Law Offices of Todd M. Friedman, P.C.

Todd M. Friedman, Esq.

19

Class Action Complaint And Jury Demand

EXHIBIT A - PAGE 38

# COPY

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Todd M. Friedman, Esq. SBN 216752
Law Offices of Todd M. Friedman
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
TELEPHONE NO.: 323-306-4234      FAX NO.: 866-633-0228
ATTORNEY FOR *(Name):* Plaintiff, Gwendolyn Anderson

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk Courthouse

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 07 2019

Sherri R. Carter, Executive Officer/Clerk of Court

By: Steven Drew, Deputy

CASE NAME:
Gwendolyn Anderson v. AutoZone, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 19STCV07906 |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [✓] is   [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence

d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
**4.** Number of causes of action *(specify):* 9
**5.** This case [✓] is   [ ] is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 7, 2019

Todd M. Friedman
_____
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT A - PAGE 39

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

EXHIBIT A - PAGE 40

# COPY

| SHORT TITLE: Gwendolyn Anderson v. AutoZone, Inc., et al. | CASE NUMBER 19STCV07906 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**BY FAX**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damaged Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

1

LACIV 109 (Rev 2/16)
LASC Approved 03-04
CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION
Local Rule 2.3
Page 1 of 4

EXHIBIT A - PAGE 41

| SHORT TITLE: | Gwendolyn Anderson v. AutoZone, Inc., et al. | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 2 of 4

EXHIBIT A - PAGE 42

| SHORT TITLE: Gwendolyn Anderson v. AutoZone, Inc., et al. | | CASE NUMBER |
|---|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

EXHIBIT A - PAGE 43

| SHORT TITLE: Gwendolyn Anderson v. AutoZone, Inc., et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☒ 1. ☐ 2. ☒ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the _Central_ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: March 7, 2019

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)      CIVIL CASE COVER SHEET ADDENDUM      Local Rule 2.3
LASC Approved 03-04       AND STATEMENT OF LOCATION          Page 4 of 4

EXHIBIT A - PAGE 44

# EXHIBIT "B"

COPY

By Fax

1  Evan R. Moses, CA Bar No. 198099
   evan.moses@ogletree.com
2  Elizabeth A. Falcone, CA Bar No. 219084
   elizabeth.falcone@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA 90071
5  Telephone:    213-239-9800
   Facsimile:    213-239-9045
6
   Nardo J. Catahan, CA Bar No. 285741
7  nardo.catahan@ogletree.com
   Graham M. Hoerauf, CA Bar No. 307649
8  graham.hoerauf@ogletree.com
   OGLETREE, DEAKINS, NASH, SMOAK &
9  STEWART, P.C.
   Park Tower, Fifteenth Floor
10 695 Town Center Drive
   Costa Mesa, CA 92626
11 Telephone:    714-800-7900
   Facsimile:    714-754-1298
12
   Attorneys for Defendant AutoZone, Inc.
13

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 1 1 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Steven Drew, Deputy

14           SUPERIOR COURT OF THE STATE OF CALIFORNIA

15              FOR THE COUNTY OF LOS ANGELES

16 GWENDOLYN ANDERSON, individually and    Case No. 19STCV07906
   on behalf of all others similarly situated,
17                                           DEFENDANT AUTOZONE, INC.'S
              Plaintiffs,                    ANSWER TO PLAINTIFF
18                                           GWENDOLYN ANDERSON'S
       vs.                                   CLASS ACTION COMPLAINT
19
   AUTOZONE, INC.; and DOES 1 to 50,        [Assigned for all purposes to The Honorable
20 inclusive,                                Yvette M. Palazuelos, Dept. 9]
21            Defendants.
                                             Action Filed:    March 7, 2019
22                                           Trial Date:      None Set
23

24

25        Defendant AUTOZONE, INC. ("Defendant") hereby respond to the Unverified Class Action

26 Complaint ("Complaint") filed by Plaintiff GWENDOLYN ANDERSON ("Plaintiff") as follows:

27 / / /

28 / / /

38093151_1

                                            1
          DEFENDANT AUTOZONE, INC.'S ANSWER TO PLAINTIFF GWENDOLYN ANDERSON'S
                 CLASS ACTION COMPLAINT  EXHIBIT B - PAGE 46

**GENERAL AND SPECIFIC DENIALS**

Pursuant to the provisions of California *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff.  Defendant denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and pray for judgment as set forth below:

**AFFIRMATIVE DEFENSES**

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that they intend to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(Arbitration)**

1.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff is required to arbitrate the claims raised in the Complaint against Defendant on an individual basis pursuant to an enforceable arbitration agreement that he entered into during his employment.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or members of the putative class are barred, in whole or in part,

38093151_1

EXHIBIT B - PAGE 47

by one or more of the applicable statutes of limitations, including, but not limited to: California *Labor Code* §§ 201, 202, 203, 226, California *Business and Professions Code* § 17208, California *Code of Civil Procedure* §§ 338, subdivision (a) and 340.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing – Class Action)

3.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff on behalf of alleged putative class members, Defendant alleges that Plaintiff lacks standing and cannot represent the interests of the other alleged putative class members as to some or all of the purported claims.

### FOURTH AFFIRMATIVE DEFENSE

### (Consent)

4.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or alleged putative class members are barred, in whole or in part, by the doctrine of consent.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

5.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or the alleged putative class members are barred from recovery on their monetary claims, in whole or in part, by their failure to exercise diligence to mitigate any damages allegedly incurred, if any.

### SIXTH AFFIRMATIVE DEFENSE

### (Laches)

6.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrine of laches.

38093151_1

3

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, because such claims have been waived, discharged, and/or abandoned.

## EIGHTH AFFIRMATIVE DEFENSE

### (*Res Judicata* and Estoppel)

8.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, and/or judicial estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

9.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, by their own unclean hands and/or their inequitable or wrongful conduct.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

10.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred to the extent that they failed to timely and/or properly exhaust their administrative remedies.

/ / /

/ / /

/ / /

/ / /

38093151_1

### ELEVENTH AFFIRMATIVE DEFENSE

### (Standing)

11.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff are barred because he is not a member of the class she purports to represent.

### TWELFTH AFFIRMATIVE DEFENSE

### (Due Process / Class Certification)

12.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that certification of a class action would be an unconstitutional denial of Defendant's rights to due process under the Fourteenth Amendment to the United States Constitution and the California Constitution.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

13.     As a separate and affirmative defense to the claims of Plaintiff and putative members of the purported class action brought pursuant to California *Business and Professions Code* § 17200, *et seq*., and California *Business and Professions Code* § 17500, those claims are barred in light of the fact that Plaintiff and the putative class members have an adequate remedy at law.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)

14.     As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California *Business and Professions Code* § 17200, *et seq.*, Defendant alleges that the claims are not appropriate for resolution on a representative basis and allowing such a representative claim would violate the Due Process clause of the United States and California Constitutions.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Due Process – Cal. Bus. & Prof. Code § 17200, *et seq.*)

15.     As a separate and affirmative defense to Plaintiff's cause of action for alleged violation of California *Business and Professions Code* § 17200, *et seq.*, Defendant alleges that the

5

38093151_1

EXHIBIT B - PAGE 50

claims brought by Plaintiff and putative members of the purported class action are barred, in whole or in part, because Defendant's business practices are not and were not unlawful in that Defendant complied with all applicable statutes and regulations and/or in conformity with industry standards.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Doctrine of Avoidable Consequences)

16.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the claims brought by Plaintiff and/or the alleged putative class members are barred, in whole or in part, under California law by the doctrine of avoidable consequences on the grounds that they unreasonably failed to make use of Defendant's practices and/or procedures by failing to timely and properly report any purportedly unlawful actions and/or omissions alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

#### (Setoff and Recoupment)

17.    As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that, if any damages have been sustained by Plaintiff and/or any alleged class action member he purports to represent, although such is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all extra payments or overpayments and/or all obligations of Plaintiff or alleged class action members owed to Defendant, against any judgment that may be entered against Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Accord and Satisfaction)

18.    As a separate and affirmative defense to the Complaint, Defendant alleges that the claims of Plaintiff and/or some of the putative members of the purported class action defined in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction, and payment.

/ / /

/ / /

/ / /

38093151_1

1

**NINETEENTH AFFIRMATIVE DEFENSE**

2

**(No Knowing, Intentional, and/or Willful Conduct)**

3       19.     As a separate and affirmative defense to the Complaint and to each purported cause

4   of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that

5   Plaintiff and the alleged putative class members are not entitled to any penalty award under any

6   section of the California Labor Code because at all relevant times, Defendant did not willfully,

7   knowingly, and/or intentionally fail to comply with the compensation provisions of the California

8   Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not

9   violate those provisions.

10

**TWENTIETH AFFIRMATIVE DEFENSE**

11

**(Good Faith Dispute That Wages Are Due)**

12       20.     As a separate and affirmative defense to the purported cause of action alleged in the

13   Complaint by Plaintiff and the alleged putative class members pursuant to California *Labor Code*

14   § 203, Defendant alleges that Plaintiff and the alleged putative class members are not entitled to any

15   penalties under California *Labor Code* § 203 because at all relevant times, there has been a good

16   faith dispute that any wages are or have been due, thereby precluding the imposition of any waiting

17   time penalties against Defendant.

18

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

19

**(No Intentional Failure)**

20       21.     As a separate and affirmative defense to the purported cause of action alleged in the

21   Complaint by Plaintiff and the alleged putative class members pursuant to California *Labor Code*

22   § 226, Defendant alleges that even assuming arguendo Plaintiff and/or the putative class members

23   were not provided with a proper itemized statement of wages and deductions, Plaintiff and the

24   putative class members are not entitled to recover damages or penalties because Defendant alleged

25   failure to comply with California *Labor Code* § 226(a) was not a "knowing and intentional failure"

26   under California *Labor Code* § 226(e).

27   / / /

28   / / /

38093151_1

7

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Comparative Fault)

22.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that all or part of the damages alleged in the Complaint were caused by the acts and/or omissions of other persons or entities (including without limitation, acts and/or omissions of Plaintiff, or members of the putative class) for whose conduct Defendant is not legally responsible.  Therefore, if Plaintiff, or any others similarly situated, is found to be entitled to recover any damages, Defendant's share thereof must be apportioned or reduced to the extent that such damages are attributable to the acts and/or omissions of persons or entities (including without limitation, Plaintiff and/or others similarly situated) other than Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Excessive Fine)

23.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Releases)

24.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, to the extent that individuals who Plaintiff wishes to represent as putative class members may have released some or all of the claims against Defendant, or any of them, that are being asserted in the Complaint.

/ / /

/ / /

/ / /

38093151_1

8

EXHIBIT B - PAGE 53

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Cannot Satisfy Class Action Requirements)

25.     As a separate defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that Plaintiff and/or putative members of the purported class action cannot satisfy the requirements for a class, group, representative, and/or collective action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Not The Employer)

26.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that it is not the entity employer for Plaintiff, nor is it the employer for the putative class members.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

27.     As a separate and affirmative defense to the Complaint and to each purported cause of action alleged therein by Plaintiff and the alleged putative class members, Defendant alleges that they currently have insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses.  Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

WHEREFORE, Defendant pray for judgment as follows:

1.     That the Court deny any request(s) by Plaintiff and/or the alleged putative class members to certify this action as a class and/or representative action;

2.     That Plaintiff and the alleged putative class members take nothing by the Complaint;

3.     That the Complaint herein be dismissed in its entirety, with prejudice;

4.     That judgment be entered against Plaintiff and in favor of Defendant on all causes of action asserted in the Complaint;

/ / /

/ / /

38093151_1

DEFENDANT AUTOZONE, INC.'S ANSWER TO PLAINTIFF GWENDOLYN ANDERSON'S
CLASS ACTION COMPLAINT

EXHIBIT B - PAGE 54

5.      That Defendant be awarded its attorneys' fees incurred herein;

6.      That Defendant be awarded its costs of suit herein; and,

7.      For such other and further relief as the Court deems just and proper.

DATED:  April 10, 2019

OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.

By: _____
         Evan R. Moses
         Elizabeth A. Falcone
         Nardo J. Catahan
         Graham M. Hoerauf

Attorneys for Defendant AutoZone, Inc.

DEFENDANT AUTOZONE, INC.'S ANSWER TO PLAINTIFF GWENDOLYN ANDERSON'S
CLASS ACTION COMPLAINT

EXHIBIT B - PAGE 55

38093151_1

**PROOF OF SERVICE**
*Gwendolyn Anderson, et al. v. AutoZone, Inc., et al.*
Case No. 19STCV07906

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On April 10, 2019, I served the following document(s):

**DEFENDANT AUTOZONE, INC.'S ANSWER TO PLAINTIFF GWENDOLYN ANDERSON'S CLASS ACTION COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☐    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒    **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(State)**         I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 10, 2019, at Costa Mesa, California.

_____
Dianna Kinnamon

38093151_1

DEFENDANT AUTOZONE, INC.'S ANSWER TO PLAINTIFF GWENDOLYN ANDERSON'S
CLASS ACTION COMPLAINT EXHIBIT B - PAGE 56

1

## SERVICE LIST

2

3    Rodd M. Friedman, Esq.                    Attorneys for Plaintiff
     Adrian R. Bacon, Esq.                     Gwendolyn Anderson
4    Kelsey L. Kuberka, Esq.
     Law Offices of Todd M. Friedman, P.C.
5    21550 Oxnard St., Suite 780
     Woodland Hills, CA  91367
6    Telephone:     323.306.4234
     Facsimile:      866.633.0228
7    tfriedman@toddflaw.com
     abacon@toddflaw.com
8    kkuberka@toddflaw.com

9

10                                                                    38093151.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT AUTOZONE, INC.'S ANSWER TO PLAINTIFF GWENDOLYN ANDERSON'S
CLASS ACTION COMPLAINT

EXHIBIT B - PAGE 57

38093151_1

**PROOF OF SERVICE**
*Gwendolyn Anderson, et al. v. AutoZone, Inc., et al.*
Case No. 2:19-cv-2800

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On April 11, 2019, I served the following document(s):

**DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒     **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐     **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒     **(Federal)**     I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐     **(Federal)**     I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on April 11, 2019, at Costa Mesa, California.

Dianna Kinnamon

38093942_2

17

Case No. 2:19-cv-2800

DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

1
2

# SERVICE LIST

3    Rodd M. Friedman, Esq.                    Attorneys for Plaintiff
      Adrian R. Bacon, Esq.                     Gwendolyn Anderson
4    Kelsey L. Kuberka, Esq.
      Law Offices of Todd M. Friedman, P.C.
5    21550 Oxnard St., Suite 780
      Woodland Hills, CA  91367
6    Telephone:   323.306.4234
      Facsimile:    866.633.0228
7    tfriedman@toddflaw.com
      abacon@toddflaw.com
8    kkuberka@toddflaw.com
9
10                                                                                      38093942.2
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

18                                                        Case No. 2:19-cv-2800
DEFENDANT AUTOZONE, INC.'S PETITION AND NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446